IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  18-cr-00429-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  KEVIN KUCIAPINSKI,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT**
_____

Comes now the United States of America, through Jeremy Sibert, Assistant United States Attorney, pursuant to this Court's order docket entry #689 files this reply to defendant Kuciapinski's sentencing statement.

Pursuant to the terms of the plea agreement reached in this case, the government will recommend a probationary sentence for defendant Kuciapinski.  Under 18 U.S.C. § 3561 a sentence of up to five years of probation is authorized for a misdemeanor.   The government is recommending three years of probation for defendant Kuciapinski.  The government rejects defendant Kuciapinski's request for time served with no supervised release or a term of probation.

Courts have rejected the "middle class" discount regarding sentences for those that were employed and otherwise have been engaged in lawful economic activity.  *See United States v. Stefonek*, 179 F.3d 1030, 1038 (7th Cir. 1999).  Judges must refrain from sympathizing with criminals that come from similar backgrounds because

"[c]riminals who have the education and training that enables people to make a decent living without resorting to crime are more rather than less culpable than their desperately poor and deprived brethren in crime." *Id*.  The government agrees with the Court's statement in *Stefonek* that "[c]riminals who have the education and training that enables people to make a decent living without resorting to crime are more rather than less culpable than their desperately poor and deprived brethren in crime." *United States v. Stefonek*, at 1038.

In *United States v. Musgrave*, 761 F.3d 602 (6th Cir. 2014), the District Court gave Musgrave a downward variance because the government imposed a similar sentence on its cooperating witness and that he was 60 years old who had no contact with the justice system.  The Sixth Circuit disagreed with the sentencing.  The *Musgrave* Court stated that "[i]n imposing a sentence, the district court must explain, based on permissible considerations, how its sentence " 'meshe[s] with Congress's own view of the crimes' seriousness.'" *Id*. at 608; *citing United States v. Peppel*, 707 F.3d 627, 635 (6th Cir. 2013) *quoting United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008).  The Court further stated that the collateral consequences of a defendant's conviction are "impermissible factors" when rendering a sentence that complies with seriousness nature of the crime. *Id. citing Peppel*, 707 F.3d at 636.  The Court ruled sentencing below the guidelines based on the collateral consequences of a conviction, particularly ones related to public humiliation among the defendant's community, will not reflect the seriousness of the offense or provide just punishment, especially with defendants from a privileged background, including education.  *Id. citing Peppel*, 707 F.3d at 636; and *United States v. Bistline*, 665 F.3d 758, 765-66 (6th Cir. 2012).

In this case, defendant Kuciapinski plead guilty of an Executive Branch Employee Participating in a Matter Affecting the Employee's Financial Interest (knowing), a violation of 18 U.S.C. § 208.  At the time defendant Kuciapinski committed this crime he was serving as an active-duty Major, in the United States Air Force. Every year defendant Kuciapinski participated in ethical training that disclosed that he could not render any information that could financially benefit him or his former wife at the time.  However, defendant Kuciapinski unlawfully participated personally with his former wife and co-defendant Stimac by rendering technical advice to them, which resulted in federal funding that would eventually benefit his wife's company.   Even though the government was able to identify the fraudulent contract before the entire amount of the contract was paid, the United States Army lost the use of $453,386.00 in the fiscal year of 2014 because of the contract being canceled.

Defendant Kuciapinski received a huge benefit from the government in allowing him to plead to a Class A misdemeanor instead of a felony under the superseding indictment.   The government's offer to plea to a Class A misdemeanor in a case like this is an offer that is not made without many factors being considered and is one the defendant Kuciapinski is lucky to have been offered.  There were many governmental parties involved in this case and a lot of classified documents being reviewed based on defendant Kuciapinski's defense.  Each parties' position about the case was considered, including the dangers of potentially releasing highly classified information even with a Court order.   The government still is of the mind set that none of the classified information requested by defendant Kuciapinski was relevant for a non-classified fraudulent contract.

To defendant Kuciapinski's credit, he enlisted in the United States Air Force and to provide him the resources to attend college.  Defendant Kuciapinski is well educated having earned a bachelor's degree from the United States Air Force Academy, a master's degree, and a Ph.D. from the Air Force Institute of Technology.   That fact that defendant Kuciapinski worked hard to achieve these degrees, these degrees indicate that defendant Kuciapinski had the ability to earn an honest living without resorting to criminal conduct as stated in *Stefonek*.  Defendant Kuciapinski earned his degrees with the assistance of U.S. taxpayers money, only to conduct criminal conduct that would benefit his wife.

Another aggravating factor in defendant Kuciapinski's case involves defendant Kuciapinski highly classified security clearance and trust placed into him by the United States government and United States Air Force at the time of his criminal conduct. Defendant Kuciapinski was working in a very classified lab at the time of his criminal conduct and knew that he could never discuss any of the technical advice he provided to his former wife and Stimac.   Even if the advice was not considered to be "classified," defendant Kuciapinski violated the rules of his security clearance by discussing advice that could be labeled "sensitive" in regarding the national security of the United States.

The fact that defendant Kuciapinski's case continued for a long period is not a relevant factor for him to receive a time-served sentence.   The government reminds this Court that it was defendant Kuciapinski that requested his case proceed under the CIPA, which stalled the discovery process in the case for a very long period.   It was defendant Kuciapinski's choices in defending the allegations that caused his case to proceed for a long period of time.

More importantly, defendant Kuciapinski agreed to a lifetime ban of not participating in Federal Government contracting and/or subcontracting that directly or indirectly receives the benefits of federal assistance programs (federally funded programs/contracts).   Pending this sentence, the government became aware that defendant Kuciapinski was potentially seeking employment with a company that was known to receive federal funds.  To ensure the Court, defendant Kuciapinski has not violated his plea agreement regarding this ban, however, a three-year period of probation will assist in ensuring that defendant Kuciapinski does not even consider being involved with any type of work that benefits from federal funding.  Further, if defendant Kuciapinski continues to obey by his terms under the plea agreement, defendant Kuciapinski can always motion this Court to terminate his probation early, such as in two years.

Respectfully submitted on the 10th day of July 2023.

> Respectfully submitted,
>
> COLE FINEGAN
> United States Attorney
>
> By:   s/Jeremy Sibert
> JEREMY SIBERT
> Assistant United States Attorney
> United States Attorney's Office
> 1801 California Street, Suite 1600
> Denver, Colorado  80202
> Telephone: (303) 454-0100
> FAX: (303) 454-0403
> E-mail: Jeremy.Sibert@usdoj.gov
> Attorney for the United States

**CERTIFICATE OF SERVICE**

5

      I hereby certify that on this 10th day of July 2023, I electronically filed the foregoing **RESPONSE TO DEFENDANT'S SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the lawyers of record.

<u>s/Jeremy Sibert</u>
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
FAX: (303) 454-0403
E-mail: Jeremy.Sibert@usdoj.gov